IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MARGARET COURTNEY, et al.<br><br>Plaintiffs,<br><br>v.<br><br>CHESAPEAKE HOME HEALTH CARE, INC., et al.<br><br>Defendants. | Civil Action No. 8:20-CV-3289-PWG |

## ORDER GRANTING JOINT MOTION FOR COURT APPROVAL OF SETTLEMENT AND DISMISSAL WITH PREJUDICE

Upon consideration of the Parties' Joint Motion for Court Approval of Settlement and Dismissal With Prejudice filed by Plaintiffs Shirley Boone, Margaret Courtney, and Sydonnie Cain and Defendants Chesapeake Home Health Care, Inc. and Erica P. Crews-Paul ("Defendants") (collectively the "Parties"), the Court hereby **GRANTS** the Motion, approves the settlement between the Parties, and dismisses this matter with prejudice, based on the following findings:

1. The Parties have provided the Court with sufficient information to conclude that there are *bona fide* disputes between Plaintiff Boone and Defendants regarding Ms. Boone's overtime wage claims, including regarding: (1) whether Ms. Boone performed non-exempt, overtime work for Defendants for which she was not paid one and one half times her regular rate of pay; (2) whether Ms. Boone could recover damages for a two- or three-year statute of limitations period; and (3) whether Ms. Boone could recover liquidated damages even if she was entitled to unpaid overtime wages.

2. The Parties have provided the Court with sufficient information to conclude that Ms. Boone's and Defendants' proposed settlement "reflect[s] a reasonable compromise over

issues, such as FLSA coverage or computation of back wages, that are actually in dispute." *See Lane v. Ko-Me, LLC,* 2011 U.S. Dist. LEXIS 97870 (D. Md. 2011) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)).

3. In addition, the settlement agreement represents a fair and reasonable resolution of *bona fide* disputes under the FLSA according to the factors that have been cited in other actions before the District Court. *See Lane*, 2011 U.S. Dist. LEXIS 97870, *3-5.

4. The Court finds that the settlement was the product of arms' length negotiations between counsel for the Parties, who are experienced in the field of FLSA litigation.

5. The attorneys' fees to be paid under the settlement agreement is separately stated, and the Parties has provided sufficient information to permit the Court to conclude that the fees represent payments for amounts actually incurred at a reasonable hourly rate.

6. The Parties voluntarily stipulate to the dismissal of all claims in this matter other than Plaintiff Shirley Boone's overtime wage claims, pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure.

WHEREFORE, this Court hereby Orders that the Joint Motion for Judicial Approval of Settlement be and is hereby **GRANTED**, the Settlement is **APPROVED**, and this case is hereby **DISMISSED WITH PREJUDICE**.

| | |
|---|---|
| 10/21/2021 | /s/ Beth P. Gesner |
| Date | The Honorable Beth P. Gesner |
| | United States Magistrate Judge |

2